IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DONNY RODGERS,                        )
                                      )
                Plaintiff,            )
                                      )
v.                                    )        Case No. CIV-26-00300-JD
                                      )
TUCKER WOOD, et al.,                  )
                                      )
                Defendants.           )

## ORDER

Before the Court is the Report and Recommendation ("R. & R.") of United States

Magistrate Judge Shon T. Erwin. [Doc. No. 7]. For the reasons outlined below, the Court

accepts the R. & R.

I.      ANALYSIS

Plaintiff is a prisoner, appearing *pro se*, who filed this action under 42 U.S.C.

§ 1983. The Court referred the matter to Judge Erwin pursuant to 28 U.S.C.

§ 636(b)(1)(B) and (C). [Doc. No. 3]. Judge Erwin reviewed the document Plaintiff

submitted to initiate this case and determined it was insufficient. [*See* Doc. No. 4 at 1].

Judge Erwin also noted that Plaintiff had neither paid the filing fee nor submitted a

motion to proceed *in forma pauperis*. [*Id.* at 2–3]. Judge Erwin ordered Plaintiff to do the

following by March 5, 2026: (1) file a proper complaint, utilizing the Court's approved

form, and comply with other instructions outlined in the order pertaining to the complaint

and (2) file a motion to proceed *in forma pauperis* or pay the filing fee. [*Id.*]. Judge Erwin

advised Plaintiff that failure to comply with the order could result in the dismissal of his

case without prejudice. [*Id.* at 3]. Plaintiff requested a 30-day extension of time to comply with the order. [Doc. No. 5]. Judge Erwin granted Plaintiff an extension of time to comply with the order until April 26, 2026. [Doc. No. 6].

Plaintiff did not comply with the order. As stated in the R. & R.,

> Plaintiff has failed to cure the deficiencies, show good cause for his failure to do so, or request an additional extension of time to comply with the Court's order. In fact, Plaintiff has not responded to the Court's second order in any way. Further, there is no indication from the docket that Plaintiff did not receive the Court's previous Order which was mailed to Plaintiff's address of record.

[Doc. No. 7 at 2]. Accordingly, the R. & R. recommends dismissing Plaintiff's case without prejudice. [*Id.* ("The undersigned finds that Plaintiff's failure to comply with the Court's Order, in light of the Court's right and responsibility to manage its cases, warrants dismissal of this action without prejudice.") (citing *Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1161 n.2, 1162 (10th Cir. 2007))].

The R. & R. advised Plaintiff of his right to object by June 25, 2026, and warned that failure to file a timely objection would waive the right to appellate review of the factual and legal issues in the R. & R. [*Id.* at 2–3].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not timely objecting to a magistrate judge's report and recommendation, a party waives his right to challenge the legal and factual basis for the magistrate judge's

2

decision. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

Plaintiff did not file an objection to the R. & R. by the deadline of June 25, 2026, and thus waived his right to challenge the recommended disposition. Nor did Plaintiff seek an extension of time to file an objection. "The waiver rule as a procedural bar need not be applied when the interests of justice so dictate." *Moore*, 950 F.2d at 659. However, considering the factors, the interests of justice do not warrant an exception to the waiver rule in this case. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (explaining that the court may grant relief from the waiver rule for failure to timely object to the magistrate judge's report and recommendation in the "interests of justice" by considering factors such as a *pro se* litigant's effort to comply, the force and plausibility of the explanation for the party's failure to comply, and the importance of the issues raised).

Alternatively, conducting a de novo review, the Court concludes that Judge Erwin did not commit factual or legal errors in his recommendation that the Court dismiss the action without prejudice. The Court therefore adopts the R. & R. as its own analysis.

## II.    **CONCLUSION**

Accordingly, the Court ACCEPTS the R. & R. [Doc. No. 7]. The Court, therefore, DISMISSES Plaintiff's case without prejudice. A separate judgment will follow.

IT IS SO ORDERED this 30th day of June 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE